Per Curiam.
 

 The question whether the plea of set-off is, under our act of assembly, a proper plea to an avowry for rent does not properly arise in this case at present, as the avowant has taken issue on that plea, and is now before the jury as to its truth.
 

 It is now settled in England, that under their statute a set-off cannot be pleaded in the action of replevin,
 
 (Lacock
 
 vs.
 
 Tufnell,
 
 18
 
 Com. Law Rep.
 
 409,) though a doubt is expressed in
 
 Buller’s Nisi Prius,
 
 181, whether under a special plea of mutual debts to the amount of the rent, the set-off might not be allowed. The case of Lacock and Tufnel settled the question against the plea of set-off; but in that case, the objection was taken by way of demurrer to the plea. The avowant here has replied and taken issue; and though this should turn out to be an immaterial issue, that need not at present prevent the trial from proceeding, but may be the subject of a motion in arrest of judgment. If the verdict be found on an immaterial issue, a rqpleader will be awarded.
 

 As to our “act about defalcation” it has reference only to actions ex contractu; and the strong inclination of our opinion is, that it would not include a set-off such as this, of repairs, in the action of replevin. But we will hear further argument on that question, if the verdict should make it important, and especially as we understand the practice has in several cases been the other way.
 

 The defendants had a verdict, and this question was not again stirred.